**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LARRY O'NEAL ROACH,
            *Defendant-Appellant.*

No. 00-4163

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

KENNETH EARL LOGAN, JR.,
            *Defendant-Appellant.*

No. 00-4314

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-99-141)

Submitted: February 28, 2001

Decided: March 12, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Keith L. Kimball, COLGAN & KIMBALL, Virginia Beach, Virginia;
Robert E. Frank, Norfolk, Virginia, for Appellants. Helen F. Fahey,
United States Attorney, Laura M. Everhart, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Larry O'Neal Roach of conspiracy to distribute
cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West
1999). The jury also convicted Kenneth Earl Logan, Jr., of the same
conspiracy charge, as well as possession with intent to distribute
cocaine and possession with intent to distribute cocaine base, both in
violation of 21 U.S.C.A. § 841(a) (West 1999). Roach received a 151-
month sentence, and Logan was sentenced to 262 months on the con-
spiracy charge, 240 months on the cocaine possession charge, and 262
months on the crack possession charge. Logan's sentences run con-
currently. Logan and Roach now appeal.

I

Testimony at trial revealed that Demond Osborne was a major sup-
plier of crack cocaine in Norfolk, Virginia. Osborne moved his opera-
tion from time to time. In April 1999 he rented a house on Dunkirk
Avenue, where Logan and others sold drugs for him. Osborne was
usually at the house only to pick up money from drug sales and to res-
upply the house when drug inventory grew low. Samantha Pettaway
testified that she frequently purchased crack at the house. Logan sold
her the drug many times, but Pettaway stated that she had also made
several purchases of crack from Roach. Following Pettaway's con-

trolled buy of crack on June 7, 1999, officers executed a search warrant for the house. When they entered the kitchen, they found Logan, Roach, and Osborne, who was cooking powder cocaine into crack.

## II

Roach and Logan both claim that the evidence was insufficient to convict them. In reviewing the sufficiency of the Government's evidence, we must sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Thus, we limit our review to determining whether a rational trier of fact could fairly find the essential elements of the offenses charged beyond a reasonable doubt. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). In making our decision, we do not review the credibility of witnesses, and we assume that the jury resolved all evidentiary contradictions in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

To prove conspiracy to possess crack with intent to distribute, the Government must show "that: (1) an agreement to possess [crack] with intent to distribute existed between two or more persons; (2) the defendant[s] knew of the conspiracy; and (3) the defendant[s] knowingly and voluntarily became a part of this conspiracy." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). "[A] conspiracy generally is proved by circumstantial evidence and the context in which the circumstantial evidence is adduced." *Id.* Here, Pettaway testified that on several occasions Logan and Roach sold her crack from the Dunkirk Avenue house. Osborne testified that Logan sold crack for him. The house on Dunkirk Avenue served no purpose other than facilitating Osborne's business of distributing drugs. Finally, police officers discovered Logan and Roach in the kitchen with Osborne, who was cooking crack from recently purchased powder cocaine. This evidence is sufficient to support the conspiracy convictions of both Roach and Logan.

Logan also challenges the sufficiency of the evidence to convict him of possession with intent to distribute powder cocaine and crack cocaine. In order to prove a violation of 21 U.S.C.A. § 841(a)(1), the Government must prove that Logan knowingly and intentionally pos-

sessed powder and crack cocaine with the intent to distribute them. *United States v. Nelson*, 6 F.3d 1049, 1053 (4th Cir. 1993). Actual possession of a drug is not required; constructive possession—where the defendant exercises, or has the power to exercise, dominion and control over the substance—is sufficient. *United States v. Bell*, 954 F.2d 232, 235 (4th Cir. 1992). Moreover, dominion and control need not be exclusive, but may be shared. *United States v. Wright*, 991 F.2d 1182, 1187 (4th Cir. 1993).

Logan frequently distributed drugs for Osborne out of the Dunkirk Avenue house. On June 7, the day the search warrant was executed, officers found Logan in the kitchen with Osborne and Roach, along with almost 300 grams of crack and 170 grams of powder cocaine. Osborne was cooking crack for Logan to sell. This was sufficient evidence on which to convict Logan on each count charging a violation of § 841(a)(1).

## III

Roach and Logan contend that their sentences of 151 months and 262 months, respectively, violate *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63. Because Roach's sentence of 151 months did not exceed 240 months—the maximum penalty that is authorized under 21 U.S.C.A. § 841(b)(1)(C) (West 1999), his sentence did not violate *Apprendi*.

Nor does Logan's sentence violate *Apprendi*. Logan's guideline range was 262-327 months. We assume, without deciding, that the district court could have imposed only 240 months on the conspiracy charge under *Apprendi* and § 841(b)(1)(C). However, under *U.S. Sentencing Guidelines Manual* § 5G1.2(d) (2000), the court was obligated to impose consecutive sentences on Logan's various convictions until it reached the "total punishment," or 262 months. *See United States v. White*, 2001 WL 87453, at *6-8 (4th Cir. Feb. 1, 2001) (No. 99-4578). Therefore, under *White* and § 5G1.2(d), Logan's 262-month sentence did not violate *Apprendi*.

IV

Although we grant Logan's pro se motion to file a supplemental brief, we find that the issues raised therein lack merit. First, we have found no *Apprendi* violation. Second, there is no question that Logan was involved in the distribution of crack cocaine. Finally, there was no error in holding him accountable for between 500 grams and 1.5 kilograms of cocaine.

V

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*