<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-6945**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH EARL LOGAN, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-99-141, CV-02-197)

———————

Submitted: July 19, 2002          Decided: August 1, 2002

———————

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Kenneth Earl Logan, Jr., Appellant Pro Se.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Earl Logan, Jr., seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2002). We have reviewed the record and the district court's opinion and find no reversible error.[*] Accordingly, we deny the motion for a certificate of appealability and dismiss the appeal on the reasoning of the district court. See United States v. Logan, Nos. CR-99-141; CV-02-197 (E.D. Va. June 4, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                          DISMISSED

---

[*] On direct appeal, we found that the evidence was sufficient to convict Logan on all counts, that his claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), lacked merit and that the district court properly held him accountable for between 500 grams and 1.5 kilograms of cocaine. See United States v. Roach, 2001 WL 242209 (4th Cir. Mar. 12, 2001) (No. 00-4163) (unpublished).

Logan now challenges his attorney's alleged failure to press a Fed. R. Crim. P. 29 motion, to raise an Apprendi claim, and to attack the quantity of drugs for which he was held responsible. These Sixth Amendment claims were not decided on direct appeal. Nonetheless, they are without merit because counsel's performance cannot be deficient when she fails to raise substantive claims that were found to be baseless on direct appeal.